DUNCAN, *Plaintiff in Error*, v. BAKER.

**Equity:** MORTGAGE: RIGHT TO REDEEM. One McH. bought a tract of land subject to a mortgage held by plaintiff, agreeing with the vendor to pay the mortgage debt. The land was afterward sold under an older mortgage, defendant becoming the purchaser. This was in pursuance of an arrangement between defendant and McH., by which McH. was to have time to redeem. McH. did not redeem, but instead, accepted $600 from the defendant in settlement of his claims and rights, and surrendered possession of the premises to defendant. After this plaintiff brought this suit to enforce his mortgage note against defendant and to be allowed to redeem. *Held,* that he could not maintain the action; that McH.'s agreement to pay plaintiff's mortgage could only entitle plaintiff to a personal judgment against McH. for the amount of the mortgage, and could not confer on him the right in equity to be subrogated to McH.'s right of redemption under his agreement with defendant, or if it could, since McH. had parted with that right, plaintiff could not claim the right to enforce it.

*Error to Audrain Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

*Thomas N. Musick* for plaintiff in error.

1. The contract between McHenry and Baker was in the nature of a mortgage and not a conditional sale. *Wilson v. Drumrite*, 21 Mo. 325; *Conway v. Alexander*, 7 Cranch 218; *Turner v. Kerr*, 44 Mo. 429; *Thompson v. Davenport*, 1 Wash. (Va.) 127; *Desloge v. Ranger*, 7 Mo. 327; *Sharkey v. Sharkey*, 47 Mo. 543; *Brant v. Robertson*, 16 Mo. 129; *Tibeau v. Tibeau*, 22 Mo. 77; *O'Neill v. Capelle*, 62 Mo. 202; *Copeland v. Yoakum*, 38 Mo. 349; *Flagg v. Mann*, 2 Sumner 533.

2. Plaintiff in error being a second mortgagee, all the

rights of redemption in McHenry accrued to him.    Wash.
on Real Prop., (3 Ed.) p. 518, § 10.

3.   Plaintiff in error having brought this action to
redeem in a court of equity, and defendant in error, in dis-
regard or contempt of the action, having sold the lands
pending the action, plaintiff in error has a right to com-
pensation.    *Wilson v. Drumrite,* 21 Mo. 325.

*McFarlane & Trimble* for defendant in error.

1.   The clause in the deed from Jackson to McHenry,
by which the latter assumed and agreed to pay plaintiff's
mortgage debt, was a mere covenant to indemnify the
grantor, Jackson.    Jackson was not himself bound for the
debt.   Douglass alone was bound for it.   The covenant
was not made for the benefit of plaintiff, and there is no
such privity between him and Jackson as would make the
covenant inure to his benefit.    *Tweddell v. Tweddell,* 2 Bro.
C. C. 101;  *Woods v. Huntingford,* 3 Ves. 130;  *Tichenor v.
Dodd,* 4 N. J. Eq. 45;  *Klapworth v. Dressler,* 13 N. J. Eq.
62 ;  *Crowell v. The Hospital,* 27 N. J. Eq. 650;  *Van Horn
v. Powers,* 26 N. J. Eq. 257 ;  *Bull v. Titsworth,* 29 N. J. Eq.
73 ;  *Kearney v. Tanner,* 17 Sand. R. 94 ;  *Campbell v. Shrum,*
3 Watts 60 ;  *Girard Ins. Co. v. Stewart,* 5 W. N. C. 87 ;
*Samuel v. Peyton,* 36 Leg. Int. 96 ;  *Pike v. Brown,* 7 Cush.
133 ;  *Branman v. Dowse,* 12 Cush. 228 ;  *Pettee v. Pennard,*
120 Mass. 522 ;  *Townsend v. Ward,* 27 Conn. 614 ;  *Trotter
v. Hughes,* 12 N. Y. 77 ;  *King v. Whitely,* 10 Paige 465 ;
*Vrooman v. Turner,* 69 N. Y. 282 ;  s. c., 25 Am. Rep. 195 ;
*Miller v. Whipple,* 1 Gray 31 ;  *Tumas v. Durgin,* 119 Mass.
500.

The contract between defendant and McHenry was not
in writing and was within the statute of frauds and could
not be enforced, even by McHenry, unless it operated as a
fraud upon him.    *Medsker v. Swaney,* 45 Mo. 273 ;  much
ess could it be enforced by plaintiff.   If the verbal con-
ract was good, it was rescinded by the written contract

afterward made. *Price v. McGown*, 10 N. Y. 465. The written contract fixed the amount to be paid and the day of its payment. Time was of the essence of the contract and was not waived. *Melton v. Smith*, 65 Mo. 315. The matter between McHenry and defendant was arranged to the satisfaction of both, and if plaintiff has any remedy it is upon the covenant against McHenry personally.

NORTON, J.—In 1874 one Fisher owned 460 acres of land in Audrain county, and on said day he executed to one Durkee, as trustee, a deed of trust, to secure a note made by himself for about $2,000, payable to the North Western Insurance Company, due five years thereafter, with interest payable semi-annually. This deed gave the trustee power to sell the land in case the interest was not paid. Afterward, in October, 1874, said Fisher, by warranty deed, conveyed said land to one James R. Douglass, subject to said deed of trust, and on said day, said Douglass made his note to plaintiff for $2,300, and to secure the same executed a mortgage on said land. In December, 1874, Douglass conveyed said land, by warranty deed, subject to said deed of trust and mortgage, to James Jackson. In July, 1876, Jackson conveyed 260 acres of this land, by deed of general warranty, to one McHenry, he assuming and agreeing to pay plaintiff's mortgage debt—Jackson at the same time giving McHenry a mortgage on the remainder of the land, indemnifying him against the prior insurance deed of trust. At the time of this transaction, as the evidence shows, these parties agreed that Jackson should pay the insurance debt, and McHenry plaintiff's mortgage. McHenry did pay plaintiff $1,672 on his mortgage debt; not, however, until he had obtained a verbal promise from plaintiff that he would protect him against the insurance deed of trust. The interest then due on the insurance debt was not paid by either Jackson or plaintiff, and the whole land went to sale under its deed of trust, and defendant became the purchaser for about $2,300. A few days pre-

vious to the sale under the deed of trust, McHenry and Baker entered into a verbal agreement, by which defendant was to purchase the land and give McHenry the right to redeem. Sometime after the sale, McHenry failing to redeem, they entered into a written contract, by which McHenry had the right to redeem by a day fixed, or forfeit his right to do so. He still failed to redeem, and at the expiration of the time given he and defendant finally settled the matter, defendant paying McHenry $600, and McHenry giving him possession of the land. The matter between them was thus adjusted in January, 1877, and the 26th day of May, of that year, plaintiff commenced a suit in equity against both defendant and McHenry, asking that he might be allowed to redeem. On the 9th day of July, 1877, defendant sold and conveyed the land to another, and plaintiff then amended his petition, continuing the cause against Baker alone, in which he prayed for a judgment for the unpaid balance on his note. On this petition the case was tried; plaintiff's bill was dismissed, and he brings the case here by writ of error.

In the light of the facts above detailed, we are unacquainted with any principle which would have authorized any other judgment than the one rendered. Under the rule laid down in the case of *Heim v. Vogel*, 69 Mo. 533, the agreement made by McHenry in the deed poll executed to him by Jackson to pay plaintiff's mortgage debt, could only give to plaintiff the right to sue McHenry thereon and recover a personal judgment in the event of its non-payment. Such agreement did not confer on plaintiff the right in equity to be subrogated to any right of redemption which McHenry may have subsequently acquired by virtue of an agreement made between defendant, Baker, and McHenry, that Baker should buy the land under the Durkee deed of trust and give him the right to redeem. But, granting for the argument, that it did confer on McHenry such right, the evidence shows that McHenry had forfeited and parted with the right to redeem

before plaintiff brought his suit, and that at the time it was brought McHenry had no right of redemption to which plaintiff could claim to be subrogated. The suit was instituted on the 26th day of May, 1877. In January, 1877, McHenry and Baker entered into a written agreement which merged all prior verbal arrangements, whereby it was agreed that McHenry might redeem by the payment of $3,000 on or before the 13th day of January, 1877, and that if he failed to redeem by that time the right should no longer exist. The evidence shows that McHenry failed to redeem at said time, and that on his failure the matter was finally adjusted by Baker paying McHenry $600 for the possession of the premises. Judgment affirmed, in which all concur.